REGENT SHOE MANUFACTURING COMPANY, APPELLANT, V.
ROBERT B. HAAKER ET AL., APPELLEES.

FILED JANUARY 3, 1906. No. 14,061.

1. Trade Name: INJUNCTION. When a mercantile company has acquired a trade-name in a particular locality, it is entitled to protection against unfair competition in its particular line of business by the use by a competitor of a name of such similar import as to probably deceive the public in such a manner as to work a fraud on the good-will of such trade-name.

2. ———: INFRINGEMENT. It is an infringement on a legally acquired trade-name to use in the same locality and in the same line of business another name of such similar import that the ordinary attention of persons or customers would not disclose the difference between the two names.

3. ———: ———. But, to constitute an infringement on a trade-name, it is necessary that the two places of business be in actual competition with each other; and, where one of the concerns is engaged exclusively in retailing boots, shoes and rubbers, and the other in the manufacture and wholesale jobbing of such goods, there is no such competition as will warrant an order restraining the latter at the suit of the former, although the names of the firms are of similar import, and although the retail firm had legally acquired its trade-name before the organization of the wholesale company.

4. ———: INJUNCTION. When the owner of a trade-mark applies for an injunction to restrain a competitor from injuring his property by making false representations to the public, it is essential that the complainant should not, in his trade-mark or his advertisements and business, be himself guilty of any false or misleading representations.

5. ———: ———. It is, however, not every exaggerated puff of one's own goods that is to be regarded as such a false representation as will deny relief in a court of equity; it is rather such materially fraudulent statements as to the character, quality and make of the goods as tend, if untrue, to deceive the public to its injury.

6. Evidence examined, and held not sufficient to fully sustain the decree of the district court.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed with directions.*

*McGilton, Gaines & Storey,* for appellant.

*Charles B. Keller, contra.*

OLDHAM, C.

At and prior to the year 1897, the George Richardson Company was engaged in the manufacture of men's shoes at Dubuque, Iowa, and in May of that year the company began to brand or mark certain of its makes with the name of "Regent." It subsequently sought to obtain the exclusive right to this term as a trade-mark, and to the accomplishment of this end purchased a patent thereto from one Stephen E. Miller in the year 1900. After the purchase of the patent on this trade-mark, the Richard-

son company claimed the exclusive right to the use of the term "Regent" in marking its shoes. It registered this name as a trade-mark under the laws of six of the western states, including Wisconsin, Colorado, Illinois, Minnesota, Michigan, and Iowa, in the months of July and August, 1903. At this time the Williams Shoe Company was engaged in the business of jobbing shoes in Omaha, and had been selling shoes marked "Regent" since its organization in 1902. Prior to that time its predecessor, the Williams-Hayward Shoe Company, had likewise been selling shoes marked with this brand. In April, 1904, a new corporation was formed under the name of "Regent Shoe Manufacturing Company," plaintiff in this cause of action, which bought out the rights of the Richardson company and the Williams Shoe Company. Under this new arrangement the entire plant of the Richardson Company at Dubuque was moved to Omaha to engage in the manufacture and sale of men's boots, shoes and rubbers. The articles of incorporation provided, among other things, that "the general nature of the business to be transacted shall be the manufacturing, buying, selling, handling and consigning, of shoes, shoe findings and rubber goods of all kinds and descriptions, both at wholesale and retail * * * and may do any and all such other acts and things as may be incidental to the main powers of the corporation." In 1897 the defendants and cross-petitioners in this cause of action, Robert B. Haaker and Catherine Haaker, engaged in the retail business of selling men's boots, shoes and rubbers on South Fifteenth street in Omaha, Nebraska, under the trade-name of "Regent Shoe Company." Under this name they have advertised and built up a large and increasing trade in Omaha and vicinity. Their first stock of shoes were all branded "Regent." Part of these were purchased from the George Richardson Company, and part from other manufacturers using the same mark. Afterwards the defendants distinguished the Regent shoe which they offered for sale by their own patented trade-mark, "Onimod." In April, 1900, a contro-

versy arose between the Richardson Company and the defendants as to the latter's right to sell Regent shoes not of the manufacture of the Richardson Company; and, after the consolidation of the Richardson Company and the Williams Shoe Company and the organization and incorporation of the Regent Shoe Manufacturing Company, the present cause of action was instituted to restrain the defendants from the use of the trade mark "Regent" on shoes not purchased from and manufactured by the plaintiff.   Defendants answered plaintiff's petition, denying that plaintiff was entitled to the exclusive use of the trade-mark "Regent" by reason of its purchase of such right from the Richardson Company, assignee of Stephen E. Miller, it being alleged that the trade-mark "Regent" was in common use by manufacturers of boots and shoes throughout the United States long before it was attempted to be patented by Miller. Defendants also, by way of cross-petition, asked, in substance, that plaintiff be restrained from engaging in the business of selling shoes in Omaha and vicinity under the name of Regent Shoe Manufacturing Company, as such name was used by plaintiff in fraud of the good-will of defendants, and for the purpose of deceiving the public and unfairly obtaining trade from the defendants.   The cross-bill also asked that the plaintiff be restrained from selling shoes to the firm of W. S. Striker Company, retailers, who, it was alleged, were conducting business and selling Regent shoes near defendants' place of business, and in fraud of their rights, for the sole benefit of the plaintiff, the real owner of this retail store.   On issues thus joined and after some testimony had been taken, which clearly established that the trade-mark "Regent" had been in common use before its pretended patent by S. E. Miller, plaintiff dismissed its cause of action, and the suit proceeded on the relief prayed for in the defendants' cross-bill.   At the close of the testimony the court found all the issues in favor of the defendants and entered a decree as prayed for in the cross-bill; and to reverse this decree the plaintiff has appealed to this court.

At the outset of the opinion it might be well to say
that two questions once involved in this controversy are
clearly established by the record and the admissions of
the parties to the action. One is that the trade-mark "Re-
gent" on shoes is a mark to which neither of these liti-
gants has an exclusive privilege, and, so far as the sale of
shoes bearing this brand is concerned, neither has any
right against the other which courts of conscience can
recognize. The second proposition is that the cross-peti-
tioners have clearly shown themselves entitled to the use
of the trade-name of "Regent Shoe Company" for the
purpose of retailing boots, shoes and rubbers in the city
of Omaha, Nebraska, and its immediate vicinity, and that,
as incident to this right, they are entitled to protection
against unfair competition in their particular line of busi-
ness by the use of a name so similar to their trade-name
as to probably deceive the public in such a manner as to
work a fraud on the good-will of the cross-petitioners.
In *Miskell v. Prokop,* 58 Neb. 628, it was held that "a
right to the exclusive use in a particular locality of a
trade-name or sign may be acquired," and further, that "a
sign or trade-name is not an infringement of another, if
ordinary attention of persons or customers would disclose
the differences. Applying this rule to the use of the plain-
tiff's name, "Regent Shoe Mfg. Co.,' and defendants'
trade-name, "Regent Shoe Co.," we could hardly think that
ordinary attention of customers would likely disclose any
difference between these two remarkably similar names.
It is contended, however, by counsel for appellant that
the plaintiff Regent Shoe Manufacturing Company is not a
retailer of boots, shoes and rubbers, but only a manufac-
turer and wholesale jobber of such goods, and consequently
not in competition with defendants and cross-petitioners.
This contention, in view of the testimony contained in the
record, we are unable to concede. In the first place, the
articles of incorporation of the plaintiff provide for selling
at retail as well as at wholesale. In the second place, the
testimony contained in the bill of exceptions shows that

plaintiff has actually been selling at retail. True, the evidence does not show that it has been largely engaged in the retail business, yet it does show that it does sell at retail. This proof, coupled with the provision in the articles of incorporation providing for such sales, we think sufficient to sustain the finding of the trial court that plaintiff had been selling in unfair competition with defendants and cross-petitioners as a retail dealer. While we think the evidence sufficient to sustain the decree of the district court restraining the plaintiff from selling shoes at retail in the city of Omaha and the immediate vicinity, yet we think this is as far as the restraining order should have gone. The issue of unfair trade arises only on a showing of fraud or deception in the use of a trade-name, trade-mark or sign, by one in competition in the same line of trade; and, in so far as plaintiff was engaged in the business of manufacturing shoes and selling them at wholesale, it was not, and should not have been held to be, in unfair competition with defendants and cross-petitioners. *Sartor v. Schaden*, 125 Ia. 696, 101 N. W. 511; *Kann v. Diamond Steel Co.*, 32 C. C. A. 324.

It is next urged by counsel for appellant that the order of the court restraining plaintiff from selling Regent shoes to the W. S. Striker Company is wholly unauthorized under the evidence contained in the bill of exceptions. It appears from the testimony that this firm is engaged as retailers of boots and shoes on Sixteenth street in the city of Omaha, about two blocks from the place of business of cross-petitioners; that this firm is composed of persons, part of whom have been in the employ of the Williams Shoe Company, or the Richardson Company, prior to their consolidation into the incorporated company of plaintiff. The evidence shows that this firm advertised very prominently the sale at retail of Regent shoes; that the advertisements of this firm gave prominence to the brand of shoes sold rather than to the name of the firm making the sales. It is also shown that plaintiff had furnished this firm with advertising matter for its

brand of shoes. It further appears that most of the stock of this firm was sold to it by the plaintiff, but the evidence failed to show that plaintiff corporation was in fact the owner of the establishment. In view of this state of the record, we think that so much of the decree as prohibited the plaintiff from selling to this firm at wholesale is unauthorized. If this firm is advertising its merchandise in such a manner as to operate as a fraud on the sign and trade-name of the cross-petitioners, an action might lie at the suit of the cross-petitioners against this firm for an infringement of its sign and trade-name.

It is finally contended by counsel for appellant that there is no equity in the bill of cross-petitioners because, in the promotion of their business and for the purpose of attracting the attention of the public, frauds were committed in their advertisements in representing to the public that defendants were the manufacturers and makers of the shoes that were sold by them. It was shown in the testimony that defendants' advertising placards had contained, among other things, head-lines marked "Maker to Wearer," and "Made by Us," and "Manufactured and Sold by Regent Shoe Company," and other similar expressions indicating that the goods sold by this firm were also manufactured by them, when in fact the cross-petitioners never were manufacturers of any of the goods which they offered for sale. There was, however, no testimony in the record to show that the public at large, or any customer of the defendants, had ever been deceived or induced to trade with the defendants because they believed the shoes sold from their store were actually manufactured by this firm.

It is an elementary principle that he that asks equity must come with clean hands, and, as well stated in *Worden v. California Fig Syrup Co.,* 187 U. S. 516, "when the owner of a trade-mark applies for an injunction to restrain the defendant from injuring his property by making false representations to the public, it is essential that the plaintiff should not in his trade-mark, or in his

advertisements and business, be himself guilty of any false or misleading representations."

It is, however, not every exaggerated puff of one's own goods that is to be regarded as such a false representation as will deny relief in a court of equity; it is rather such materially fraudulent statements as to the character, quality and make of the goods as tend, if untrue, to impose upon and deceive the purchaser. Such imposition might be made by representing the shoes sold by defendants to have been manufactured by some firm of known and established reputation, when they were not; or it might be by representing the wares to be of a material of which they were not made; but the mere fact of representing them as "made by us," when they were made by some one else, as defendant claims, under their special order and direction, is not a misrepresentation of so grave a character as to deny defendants relief in a court of equity against an infringement of their trade name. *Wormser v. Shayne*, 111 Ill. App. 556.

We therefore conclude that the decree of the district court, in so far as it prohibited plaintiff from manufacturing and selling men's boots, shoes and rubbers at wholesale under the name of "Regent Shoe Manufacturing Company," and also in restraining it from selling at wholesale to the firm of W. S. Striker Company, is not sustained by the law and the evidence, and we recommend that the judgment of the district court be reversed and the cause remanded, with directions to enter a decree permanently enjoining plaintiff from selling, or advertising to sell, men's boots, shoes and rubbers at retail in the city of Omaha and immediate vicinity under the trade-name of "Regent Shoe Manufacturing Company."

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded, with direc-

31

tions to enter a decree permanently enjoining plaintiff from selling, or advertising to sell, men's boots, shoes and rubbers at retail in the city of Omaha and immediate vicinity under the trade-name of "Regent Shoe Manufacturing Company."

JUDGMENT ACCORDINGLY.