BASKET STORES OF LINCOLN, NEBRASKA, APPELLEE, v.
FRANK S. ALLEN ET AL., APPELLANTS.

FILED DECEMBER 23, 1915.  No. 18449.

1. **Trade-Names: INFRINGEMENT.** It is an infringement on a legally
acquired trade-name to use, in the same locality and in the same
line of business, another name of such similar import that the
ordinary attention of persons would not disclose the difference be-
tween the two names.

2. **Trade-Marks: INFRINGEMENT: INJUNCTION.** When the owner of
a trade-mark applies for an injunction to restrain a competitor
from injuring his property by making false representations to the
public, it is essential that the complainant and the defendant
should both be engaged in the sale of the same kind of goods.

APPEAL from the district court for Lancaster county.:
ALBERT J. CORNISH, JUDGE.  *Affirmed.*

*R. H. Hagelin,* for appellants.

*Sterling F. Mutz, contra.*

HAMER, J.

The plaintiff, a corporation, seeks to enjoin the defen-
dants, Frank S. Allen and Ida Ford, from doing business
under the firm name of "The Basket Store."  Plaintiff al-
leges that its place of business is at 1020 P street.  It is
conducting eight stores in Lincoln.  They are described in
the plaintiff's petition as "Basket Store" No. 1; "Basket
Store" No. 2; "Basket Store" No. 3; "Basket Store" No. 4;
"Basket. Store" No. 5; "Basket Store" No. 6;. "Basket
Store" No. 7; "Basket Store" No. 8.  Plaintiff alleges
that it has been continuously in the business of buying and
selling groceries and meats at retail since the 18th
day of March, 1908, and that it has used for its trade-name
at the several places of business, which it names in its pe-
tition, the words "Basket Store," that the scope of territory
in which the plaintiff does business includes all the city
of Lincoln, University Place, Havelock, College View,

Bethany and West Lincoln, with contiguous territory in Lancaster county on all sides of the said cities and villages and for a distance of several miles into the country. Plaintiff claims that it is entitled to the exclusive use of the name "Basket Store" in its business in said territory and without interference; that the plaintiff has built up a large and prosperous business and has spent large sums of money in advertising and putting the name "Basket Store" before the public; that the public became acquainted with the plaintiff through the use of the trade-name "Basket Store," as also the reputation of the plaintiff for low prices when compared with other stores; that the defendants, knowing these facts, on the 15th day of June, 1912, fraudulently and unlawfully commenced to use the plaintiff's said name "Basket Store" in the grocery business in University Place, and within the territory in which the plaintiff does business; that, by virtue of the use of said name by the defendants, the public and the plaintiff's customers have been deceived and have been led to believe that they are dealing with the plaintiff, when in fact they are dealing with the defendants; that the use of said name by the defendants is unfair to the plaintiff, and is taking advantage of the plaintiff's extensive advertising of its business, and that the plaintiff has thereby lost many customers and is still losing them; that the plaintiff has been damaged by the loss of said customers and by the loss of profits and by the loss of the value of its advertising; that the plaintiff has repeatedly requested the defendants to refrain from using the said name in their said business, but they refused to do so and are still using said name; that, by virtue of the continuing nature of the injury and damage to the plaintiff, there is no adequate remedy at law, and that, if there was a remedy at law, the same would involve a multiplicity of suits, and would be uncertain, protracted and of no value. The prayer to the original petition is that the defendants be forever enjoined from using the name "Basket Store" in connection with the grocery and meat business which they conduct in University Place and

Basket Stores v. Allen.

within the territory in which the plaintiff does business. The defendants in their answer claim to be conducting a store in the city of University Place, known as a "Basket Store," that University Place is a separate and distinct municipality from that of the city of Lincoln, and that said cities are five miles apart; that what the defendants did was done in good faith, and without any intention to injure or defraud the plaintiff. The case came on for trial on the 7th day of July, 1913, whereupon it was adjudged that the plaintiff is entitled to the exclusive use of the name "The Basket Store" within the territory named in the petition, and that the defendants be forever enjoined from using the said name in connection with their said grocery and meat business in University Place, Nebraska, and that the defendants pay the costs. From this judgment the defendants appeal.

An examination of the evidence would seem to show that the plaintiff's business has become valuable by reason of the fact that the purchaser of goods is attracted by the method of doing business and the financial advantage which may result to him. He is likely to say to himself that, if he goes and pays cash at that kind of a store for such goods as he can purchase, he will get the goods for less than their retail price; that other persons who buy there will get the goods which they purchase at less than the retail price; that one of the reasons that he will get the goods at less than the retail price is because, where the store is a basket store, it does not carry the goods to the home of the purchaser. He carries the goods himself, or procures a method of transfer. The purchaser may say to himself, so long as I deal at the basket store, I will get the goods for a less price by reason of the fact that the store is not put to the expense of carrying goods over a wide expanse of territory and to many purchasers, some of whom never pay. A basket store sells strictly for cash. There is, therefore, no loss by reason of failure to collect. Also, it may be said that the quality of the goods will be

much improved by reason of the fact that large quantities will be sold, and that they will always be fresh.

The use of the descriptive words may not be defended upon the ground that they constitute a trade-mark; at the same time it would seem to be unfair that one may obtain the business of another when the chief value in such business is the name. The plaintiff, with his eight stores of the same name, has built up a large and prosperous business, as it appears from the evidence. If the defendants seek to take advantage of the name under which the plaintiff has been doing business, it is, to say the least, unfair. If theirs is a good store, they can build up a reputation of their own.

In the case of *Miskell v. Prokop*, 58 Neb. 628, this court held that a trade-name might be acquired. The first paragraph of the syllabus reads: "A right to the exclusive use in the particular locality of a trade-name or a sign may be acquired." In that case, however, the judgment was for the defendant. The controversy was about the right to use the term "Racket Store." The defendant conducted its business under the name "New York Racket Store." This court held that there was a distinction between "New York Racket Store" and "Racket Store," and that a careful examination of the words would prevent the public from being deceived. This court said: "In the present case we think the question upon which the decision must turn is, was the defendant's sign, taken as a whole, such a simulation of that of the plaintiff as to work the mischief attributed to it, or well calculated to so do?" The doctrine is clearly laid down, however, that there is no right to deceive the public or to injure a merchant by the adoption of the peculiar name under which he does business. See *Beebe v. Tollerton & Stetson Co.*, 117 Ia. 593.

In *Regent Shoe Mfg. Co. v. Haaker*, 75, Neb. 426, this court held that, where a mercantile company has acquired a trade-name in a particular locality, it is entitled to protection against unfair competition in its particular line

of business by the use by a competitor of a name of such similar import as to probably deceive the public.

We are unable to discover a sufficient reason for setting aside the judgment of the district court in favor of the plaintiff. The judgment of the district court is

AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.