RIGGS OPTICAL COMPANY, CONSOLIDATED, APPELLEE, v. EARL F. RIGGS, APPELLANT.

270 N. W. 667

FILED JANUARY 5, 1937. No. 29797.

*C. Russell Mattson* and *Chambers & Holland,* for appellant.

*Flansburg, Lee & Sheldahl, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and RAPER, District Judge.

DAY, J.

This is an appeal from a decree permanently enjoining Dr. Earl F. Riggs, a licensed optometrist, from the use in advertising of the names Dr. Riggs or Dr. Earl F. Riggs of the Riggs Optical Company, or the Dr. Earl F. Riggs Optical Company.

The plaintiff, the Riggs Optical Company, is a corporation organized for the purpose of manufacturing and selling optical goods. It manufactures eyeglasses according to prescriptions of oculists, optometrists, and refractionists and sells them to the public. The petition alleges that the Riggs Optical Company has been engaged in such manufacture and sale in Lincoln since 1924; that its name is a trade-name known throughout the United States; that the defendant Earl F. Riggs is a licensed optometrist in this state where he examines eyes and fits glasses for the public; and that for the purpose of taking advantage of the good-will, he has advertised extensively as "Riggs Optical Company" and as the "Riggs of said company," and that by reason of such advertising he has misled many of its patrons to its damage.

The answer of the defendant admits that he is a licensed optometrist, engaged in the business of fitting and selling eyeglasses to the public. He alleges that he is engaged in the retail business of selling glasses which are manufactured for him by others; that the plaintiff manufactures optical goods which it sells to various oculists, optometrists, and refractionists according to prescription; that the plaintiff is a wholesaler and does not engage in the retail busi-

ness; that its advertising is such that it is estopped to deny that it does a strictly wholesale business.

The evidence in the case is substantially without conflict. It appears that the Riggs Optical Company was originally organized as a Nebraska corporation in 1917 with the corporate name "Riggs Optical Company," and that later it was reorganized as a Delaware corporation with the name "Riggs Optical Company, Consolidated." It has always used as its trade-names "Riggs" or the "Riggs Optical Company." It has advertised its business extensively by catalogs and by magazines circulated among optometrists and oculists. It advertises in magazines and its catalogs that it does business at wholesale.

Its business is the manufacturing and selling of eyeglasses and optical goods. It receives its business from oculists and optometrists who send their patients and customers with a prescription showing the lens required for the correction of vision. The patient as a general practice takes the prescription to the office of the optical company where he picks out the shape of the lenses and selects a frame. The customer's face is measured, the glasses are manufactured, and the glasses are fitted, adjusted, and delivered to him. The Riggs Optical Company usually collects the price and remits a portion of it to the oculist or optometrist. The reason for this remittance is not apparent. However, it is upon this that it is asserted the business is wholesale.

Dr. Earl F. Riggs, the defendant, is a licensed optometrist who examines eyes, writes prescriptions for the manufacture of glasses, and sells them to the public. He sends his prescriptions to a manufacturer of eyeglasses in the same manner in which oculists and optometrists send their prescriptions to the plaintiff company. He has advertised widely as "Dr. Earl F. Riggs Optical Company" or as "Riggs," "Dr. Riggs" or "Dr. Earl F. Riggs of the Riggs Optical Company." His use of the term "optical company" is as a trade-name only, as there is no company or corporation. He has erected a sign exactly the same as the sign

used by plaintiff Riggs Optical Company with the word "Riggs" standing alone.

It should be noted that the purpose of this suit was not to prevent the defendant from practicing optometry but was to restrain him from the use of the trade-name of the plaintiff. The decree entered by the trial court does not restrain Earl F. Riggs from the practice of optometry.

The evidence also establishes that the use of the name Riggs Optical Company or its variants was such as to mislead people and to confuse them. The defendant, of course, contends that there was no confusion because he examined eyes and sent the prescription with the customer to a manufacturer of eyeglasses, and that there was no conflict or competition between his business and that of the Riggs Optical Company. This is not impressive because the persistence of the defendant in continuing to use these trade-names indicates that they are of some value to him. Both the plaintiff and the defendant are engaged in selling eyeglasses to the public. The plaintiff contends that if, on account of the advertising, a person went to the defendant for an examination, it did not get the business because the defendant did not send his prescriptions to it. The defendant's use of the term Riggs and Riggs Optical Company so as to confuse the public and cause them to believe that he was the plaintiff was beneficial to him and detrimental to them. Every patron who was attracted to his office by this advertising was lost as a customer by the plaintiff. Upon this foundation of fact the law of the case is predicated.

There was no error in the exclusion of evidence by the trial court. The evidence excluded was sought to be adduced by questions to the district manager of the plaintiff company and another as to whether there was competition between the plaintiff and the defendant. The contention was that the plaintiff in the wholesale business and the defendant in the retail business were not rivals for the same business. These questions called for conclusions and opinions upon an issue before the court, not the subject of ex-

pert testimony. It was an ultimate conclusion for the court's determination from all the facts in evidence.

It is apparent that there was competition. The nature of the business as depicted by the record is unusual. If the defendant is allowed to mislead the public, so that people go to his office for an examination, the plaintiff loses the business even though it does not examine eyes. The public was advised that the defendant examined eyes and by the wrongful use of the name the business was secured. Because of the peculiar nature of the business, and since both plaintiff and defendant are engaged in selling eyeglasses to the public, it is established in this case that they are competitors.

One who acquires a trade-name in a particular locality is entitled to protection from unfair competition by a competitor using a name of such similar import as will probably deceive the public. *Regent Shoe Mfg. Co. v. Haaker,* 75 Neb. 426, 106 N. W. 595.

There is no question that there cannot be unfair competition where there is no competition in fact, but the record does not establish such a situation here. The cause of action is based upon unfair competition resulting from confusion in the public mind. One is entitled to equitable relief if the use of the trade-name is such as is calculated to deceive the public and does mislead them. *Atlas Assurance Co. v. Atlas Ins. Co.,* 138 Ia. 228, 112 N. W. 232, 114 N. W. 609 ; *Weisman v. Kuschewski,* 243 Mich. 223, 219 N. W. 937.

The record has been critically examined to determine if the evidence is sufficient to support the verdict. It is concluded that there is evidence of the use of a name similar to the trade-name of plaintiff. The use of the names by the defendant has caused confusion which is detrimental to the plaintiff's business. The judgment of the trial court is not erroneous.

AFFIRMED.