PETERSON & COMPANY, INC., APPELLEE, v. NELSON JAY DOING BUSINESS AS NELSON JAY POTATO COMPANY, APPELLANT.

63 N. W. 2d 174

Filed March 12, 1954. No. 33453.

*Mothersead, Wright & Simmons,* for appellant.

*Torgeson, Halcomb & O'Brien,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in equity by Peterson & Company, Inc., a corporation, plaintiff and appellee, to enjoin Nelson Jay, doing business as Nelson Jay Potato Company, defendant and appellant, from using the name "Big Chief" as a brand in marketing potatoes.

A trial was had to the court at the conclusion of which a decree was rendered enjoining the defendant from using the name. The defendant filed a motion for new trial which was overruled. From the decree and the order overruling the motion for new trial the defendant has appealed.

The action is based on a claimed prior use and prior registration of the brand by the plaintiff and a claim that by use of the brand by the defendant he came into competition with plaintiff and that plaintiff lost business on account thereof. The petition charged that there was an intention on the part of the defendant to enter

into competition with plaintiff to mislead its customers, and cause them to buy potatoes from the defendant instead of the plaintiff.

The claims of plaintiff were denied except that the defendant admitted the use of the name "Big Chief" in his business of selling potatoes. He alleged on information and belief that he started use of "Big Chief" before the plaintiff. He prayed for the right to use the name, not exclusively, but along with the plaintiff.

The facts upon which the determination herein must depend are not substantially in dispute.

Prior to 1948 for several years Peterson & Company, a partnership, was engaged in the business of buying, processing, and selling potatoes at Kimball, Nebraska. The partners were Petrus Peterson and Mayme Peterson. Donald Peterson was described as a silent partner. At least from 1943 the partnership marketed potatoes under the brand name "Big Chief." On or about March 17, 1948, the members of the partnership organized the plaintiff corporation and continued the same character of business as had been conducted by the partnership. It used the brand name "Big Chief" in the marketing of potatoes from the date of incorporation.

There is testimony that the assets of the business, the machinery, and the good will of the partnership were assigned to the corporation. The witness testifying in this regard did not know whether the assignment mentioned brand names or not. The assignment was not produced.

The defendant started his business of buying, processing, and selling potatoes at Minatare, Nebraska, in September 1947.

Thus on the record made, the use of the brand by defendant preceded use by the plaintiff. It may be that the plaintiff had the right by assignment to claim and to be protected in the use of the brand on account of prior use by the partnership but it did not so plead and neither did it so prove.

Neither of the parties became aware of the use of the brand by the other until perhaps the autumn or early winter of 1949. Neither had previously registered the brand with the Secretary of State. After acquiring the information each registered the brand. The plaintiff registered it on January 26, 1950, and the defendant on February 3, 1950.

The statute permits and authorizes the filing of brands such as this with the Secretary of State. § 87-108, R. R. S. 1943. It also protects the registrant and permits injunction against wrongful infringement upon the use of the brand. § 87-109, R. R. S. 1943.

The protection however is not substantially different from that granted to one who has adopted and used a brand name but has not recorded it with the Secretary of State. The remedy in each instance is for wrongful infringement or a use which presents a reasonable likelihood of deception.

The applicable rules in such instances are that to entitle a party to relief it must be made to appear with reasonable certainty that his adoption of the name was prior in time to that of his adversary; that he adopted and made use of it in such manner as would reasonably apprise the public that he intended it as a distinctive appellation for his trade, commodity, or place of business; and that it was not, at the time of his attempted appropriation of it, in common or general use in connection with like business or commodities in the particular locality. Chadron Opera House Co. v. Loomer, 71 Neb. 785, 99 N. W. 649; Regent Shoe Mfg. Co. v. Haaker, 75 Neb. 426, 106 N. W. 595, 4 L. R. A. N. S. 447; Riggs Optical Co. v. Riggs, 132 Neb. 26, 270 N. W. 667.

Where a name is in common use by more than one no one may claim the right to its exclusive use. Regent Shoe Mfg. Co. v. Haaker, supra.

Also where a party has acquired a trade name in a particular locality he is entitled to protection against unfair competition in his particular line of business by

the use of a competitor of a name of such similar import as to probably deceive the public. Regent Shoe Mfg. Co. v. Haaker, *supra;* Basket Stores v. Allen, 99 Neb. 217, 155 N. W. 893; Riggs Optical Co. v. Riggs, *supra.*

As a condition of the right to have injunction to prevent the use of a trade name by another it is necessary that it be established that there is competition in fact and that the use is calculated to deceive and cause the public to be confused. Riggs Optical Co. v. Riggs, *supra;* Personal Finance Co. v. Personal Loan Service, 133 Neb. 373, 275 N. W. 324.

On the facts it is not made to appear that plaintiff used the brand in question in such manner as to apprise the public of its use. No publicity was given in the locality of its processing area. The only place that the name was used was upon sacks containing processed potatoes and the publicity was in advertising media going to the purchasers of processed potatoes. It is reasonable to say, we think, that the brand name was scarcely known beyond its customers. Further it does not reasonably appear that any of its sales depended upon the brand.

There is no evidence that there ever was any competition in fact between the plaintiff and defendant. The two marketed a different quality and grade of potatoes under the trade name and the evidence does not indicate that their marketing was in the same area. There is no evidence that defendant has ever attempted or will attempt to enter the market of the plaintiff. At least since 1947 until late in 1949, these two parties used in common the brand in question on potatoes.

The evidence in this case fails to establish any reasonable likelihood that deception did or would result by reason of the use of the name "Big Chief" by the defendant. In the absence of proof of reasonable likelihood of deception the court could not properly enjoin its use. Personal Finance Co. v. Personal Loan Service, *supra.*

We conclude therefore that the district court was in error in enjoining the use of the trade name or brand of "Big Chief" by the defendant.

The decree of the district court is reversed and the cause is remanded with directions to dismiss plaintiff's petition.

REVERSED AND REMANDED WITH DIRECTIONS.