DORMAN B. HALL, APPELLANT, v. JESS J. HADLEY ET AL., APPELLEES.

114 N. W. 2d 590

Filed April 20, 1962. No. 35170.

*Robert E. Roeder* and *I. J. Nisley,* for appellant.

*Maupin, Dent, Kay & Satterfield, Thomas O. David,* and *Clinton J. Gatz,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

This is an action brought by Dorman B. Hall, plaintiff, against Jess J. Hadley and Jack O. Clouse, defendants, in the district court for Lincoln County, Nebraska, to recover damages for injuries sustained by the plaintiff to his right leg when it was caught between a hay-wagon and a gate. The trial court sustained the defendants' motion for summary judgment, denied the plaintiff's cross-motion for summary judgment, and dismissed the plaintiff's petition. The plaintiff filed a motion for new trial which was overruled, and plaintiff perfected appeal to this court.

For convenience we will refer to Dorman B. Hall as plaintiff, to Jess J. Hadley as Hadley, and to Jack O. Clouse as Clouse.

The plaintiff's amended petition alleged in substance that the plaintiff and Clouse were employed by Hadley as ranch hands assisting in the operation of Hadley's cattle ranch; that on May 5, 1959, at approximately 9:30 a.m., while Clouse was in the regular course of his employment he was driving a tractor attached to a hay-

wagon hauling hay to Hadley's cattle; and that it became plaintiff's duty to open a wooden swinging gate and pull it back out of the path of the tractor and haywagon Clouse was operating when Clouse, suddenly and without prior warning to the plaintiff and while the plaintiff had his back to Clouse and the tractor, carelessly and negligently started the tractor forward before the plaintiff had completely opened the gate; and that as a result thereof caught, crushed, and pinned the plaintiff's right leg between the corner of the haywagon and the edge of the gate causing the plaintiff permanent injuries. The plaintiff further alleged that the direct and sole proximate cause of the accident and injuries which the plaintiff sustained was the negligence of the defendant Clouse, as follows: Failure to give plaintiff sufficient notice and warning of the approach of the tractor and haywagon; failure to have the tractor under proper control so as to avoid pinning the plaintiff against the gate; failure to keep a proper lookout for plaintiff; operating the tractor in a careless manner in total disregard for the safety of the plaintiff under the conditions and circumstances then and there existing; failure to allow the plaintiff to completely open the gate so as to clear the tractor and haywagon; failure to allow the plaintiff to move to a place of safety; failure to warn plaintiff of the starting of the tractor; and in causing and permitting the tractor to be moved in such a manner without first seeing that the plaintiff had sufficient clearance and time to completely open the gate.

The defendant Hadley filed an answer to plaintiff's amended petition wherein he alleged that at the time of the occurrence of the accident the plaintiff was engaged in performing the duties of his employment as a ranch hand and working with Clouse, a ranch hand experienced in the operation and management of mechanical equipment used upon this ranch, including tractors and the operation thereof; that this defendant had no

knowledge of any careless traits or habits of work of Clouse, and believed him to be a safe, careful, and efficient ranch worker; that the plaintiff was an experienced ranch hand before the time the accident happened, and was experienced in the operation and management of mechanical equipment used on the ranch, including tractors and haywagons, and of the manner and use of opening and shutting gates on said ranch through which mechanical equipment might pass; that the injuries received by the plaintiff were the proximate result of his own negligence and failure to exercise reasonable protection for his own safety; and that if the plaintiff's injuries were the result of the negligence of Clouse, the plaintiff was guilty of contributory negligence more than slight in comparison with the negligence of the defendant Clouse. The defendant Hadley denied generally the allegations of the plaintiff's amended petition, and prayed for dismissal of the plaintiff's action.

The defendant Clouse filed an answer to the plaintiff's amended petition admitting that he was an employee of Hadley and that the plaintiff was injured while in the employ of Hadley on May 5, 1959. This defendant's answer denied all the allegations of the plaintiff's petition except the admissions made thereto, and alleged that the plaintiff's injuries were the proximate result of his own negligence; and that the plaintiff was guilty of more than slight negligence in comparison with the alleged negligence of this defendant which would bar his right of recovery. The prayer was for the dismissal of the plaintiff's action.

The plaintiff, in reply to both defendants' answers, denied all of the allegations contained therein.

The principal question to determine in this case is whether or not there was a genuine issue of material fact under the affidavits and depositions received in evidence which would warrant the rendition of a sum-

mary judgment by the trial court. In this connection the following are applicable.

"The Summary Judgments Act authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is clear what the truth is, and that no genuine issue remains for trial." Ingersoll v. Montgomery Ward & Co., Inc., 171 Neb. 297, 106 N. W. 2d 197.

In Ingersoll v. Montgomery Ward & Co., Inc., *supra,* this court also said: "The court examines the evidence on motion for summary judgment, not to decide any issue of fact presented in the case, but to discover if any real issue of fact exists. * * * In other words, the court can merely determine that an issue of fact does or does not exist. If such an issue does exist, the Summary Judgments Act has no application; if such issue does not exist, a motion for a summary judgment affords a proper remedy. The burden is upon the moving party to show that no issue of fact exists, and unless he can conclusively do so the motion for summary judgment must be overruled."

"In considering a motion for summary judgment the court should view the evidence in the light most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may be reasonably drawn therefrom." Ingersoll v. Montgomery Ward & Co., Inc., *supra.*

With the foregoing authority in mind, we proceed to a summary of the evidence material to a determination of this appeal.

The evidence shows that on this ranch, on the morning of the accident, they used three haywagons of three different lengths, one 12 by 14, one 12 by 18, and one 14 by 16 or 18. Just which one was involved in the accident is not known.

The plaintiff's testimony shows that he was 63 years of age at the time of the accident, and had been engaged for the most part in farm and ranch work; that

he had been employed on the Hadley ranch for approximately 12 years; that he lived at Maxwell, Nebraska, which is about 4½ miles west of the Hadley ranch; and that his duties as a ranch hand were to rake hay, run the tractor, and do general farm work. On May 5, 1959, the day of the accident, the plaintiff met Clouse at the ranch about 7:45 a.m. The haywagon was hooked to the tractor. In arriving at the place where they were to unload the hay and feed the cattle, the plaintiff testified that he walked to the gate to open it and permit the tractor and haywagon to pass through. The haywagon was loaded with hay. Clouse was operating the tractor. As they approached the corral where the cattle were located, Clouse stopped the tractor 14 to 16 feet east of a double swinging gate, a sufficient distance to allow the gate to be brought back across in front of the tractor and to allow the equipment to pass through the gate. The gate was 20 feet in width, with each side of the gate being 10 feet wide. The gate was chained in the center to hold it in place. After the plaintiff unfastened the chain holding the gate in place, he swung both parts of the gate to the west to scare the cattle back. The plaintiff then walked into the corral, let the north half of the gate remain inside of the corral, and commenced to bring the south half of the gate outside of the corral to the east directly in front of the tractor and haywagon. As the plaintiff was pushing the south half of the gate back out of the corral to the east in front of the tractor, he remained on the west side of the gate, facing southwest and watching the cattle. The plaintiff further testified that the tractor motor was running at all times while he was opening the gate. The plaintiff pushed the south half of the gate out of the corral in front of the tractor, and commenced to walk around the end of the gate. As the plaintiff stepped around the end of the gate to pull it back, Clouse, without the knowledge of the plaintiff, began to move the tractor forward while the plaintiff was looking away

from the tractor to the southwest watching the cattle. His leg was caught between the left corner of the hay-wagon and the edge of the gate, which caused his injuries. The plaintiff further testified that Clouse at no time advised him that he was going to move the tractor forward. The plaintiff had no knowledge that the tractor was moving forward until he was injured. The plaintiff had not completely opened the south half of the gate at the time Clouse commenced to move the tractor forward, had not completely stepped around the end of the gate, and was caught while he was doing so. The plaintiff and Clouse had done this type of work in the same place and in the same manner on many occasions prior to the time of the accident. There were no obstructions between the plaintiff and Clouse which would cause Clouse to fail to see that the plaintiff had not completely opened the gate at the time Clouse commenced to move the tractor forward.

The testimony of Clouse showed that he was 29 years of age and had worked with the plaintiff on the Hadley ranch in 1959; that he had worked as a ranch hand for practically 2 years for Hadley, the owner of the ranch; and that he fed cattle, put up hay, and did any farm work that was required. When the plaintiff arrived on the job the morning of the accident, the first thing they did was to haul hay to feed the cattle. The haywagon had been loaded the day before. This witness was driving the tractor, and the plaintiff hooked the haywagon onto the tractor and walked over to the gate. This witness waited for the plaintiff to open the gate. They had performed this type of work in the same manner on previous occasions. He stopped the tractor about 15 feet east of the gate. The plaintiff opened the gate and pushed the north half of the gate to the west and brought the south half of the gate to the east. Clouse further testified that he watched the plaintiff as he was bringing the south half of the gate back to the east, and the plaintiff was standing at the end of the gate facing

north while Clouse had the equipment at an angle because it would be impossible to drive the equipment straight through the opening in the gate to the corral. Clouse further testified that in the position in which he had the equipment, there was sufficient clearance on the south side of it to completely clear the gate as he passed through; that he made this observation before he started to move the tractor and continued to watch his load and the gate on the north side as he came forward with the equipment; and that he was endeavoring to come out the north side of the opening for the gate as close as he could to get to the corral. This witness was unable to testify as to how the accident happened, or in what manner the plaintiff was caught between the edge of the gate and the haywagon because he was watching to the north side of the corral as he started the tractor and haywagon in motion and started through the gate. Clouse's testimony was to the effect that the plaintiff was not facing southwest toward the cattle in the corral while he was opening the south half of the gate, but was facing north as he brought the south half of the gate across in front of the tractor. Later Clouse changed his testimony to the effect that the plaintiff was facing south, away from the tractor, as he was opening the gate.

It appears from the evidence that there are questions of fact as to whether or not the plaintiff had the gate completely open when Clouse started the tractor forward through the gate; whether or not the plaintiff had any knowledge that Clouse had commenced to move the tractor forward through the gate; whether or not the plaintiff was injured while he was in the process of opening the gate and while he had his back to the defendant Clouse; and whether or not the defendant Clouse was watching the movements of the plaintiff while he was in the process of opening the gate at the time Clouse moved the tractor forward.

We believe, from the evidence, that there is a genuine

issue as to material facts presented and, under the authority heretofore cited, conclude that the trial court was in error in rendering a summary judgment in favor of the defendants.

For the reasons given herein, we reverse the judgment and remand the cause for trial.

REVERSED AND REMANDED.

SIMMONS, C. J., participating on briefs.