E. C. RANSDELL ET AL., APPELLANTS, V. SIXTH STREET FOOD STORE OF LEXINGTON, INC., A CORPORATION, APPELLEE. ·
120 N. W. 2d 290

Filed March 1, 1963. No. 35343.

Smith Brothers, for appellants.

Hollman & McCarthy and Baskins & Baskins, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

This is an appeal from the order of the district court sustaining a motion for summary judgment and dismissing the plaintiffs' petition and action. It is an action brought by the plaintiffs as partners doing business in Lexington, Nebraska, as Sixth Street Locker and Grocery, to enjoin the defendant, Sixth Street Food Store of Lexington, Inc., from displaying and using a large sign reading "Sixth Street," and from using the words "Sixth Street," "Sixth Street Food Stores," and "Sixth Street Food Stores of Lexington, Inc.," or any combination thereof in the operation of its business on *Seventh Street* in Lexington, Nebraska.

We determine first what the issues actually were.

Plaintiffs alleged, by their amended petition, that they had established and had been in business in Lexington since April of 1950; that they had conducted their business under the name of "Sixth Street Locker and Grocery," and operated continuously on East Sixth Street; that they have, at all times, advertised and held themselves out to the public by this name; that it had become known to the general public of the trade area that the words "Sixth Street" and "Sixth Street Locker and Grocery" were a distinctive trade and business name belonging to the plaintiffs; and that said words had acquired a secondary meaning exclusively relating to the business in the trade area and community of Lexington, Nebraska. They alleged that they had built up and were enjoying a substantial business in the city of Lexington. It is then alleged that the defendant, "Sixth Street Food Stores of Lexington, Inc.," became incorporated on August 27, 1958; and that at that time it knew that the plaintiffs used the name "Sixth Street Locker and Grocery," and knew that the plaintiffs had used it continuously since April 1950. They alleged that the defendant began operation of its business *on Seventh Street* in Lexington; that it used, and continued to use the words "Sixth Street" and "Sixth Street Food Store" in the operation of its business; and that the defendant had a large sign over its place of business reading "Sixth Street," and is generally holding itself out to the public under the firm name and style of "Sixth Street Food Store." The plaintiffs specifically alleged that the defendant by the use of said sign and said names intended to mislead and confuse the customers of the plaintiffs; that this use did confuse the customers of the plaintiffs and beguile them into dealing with the defendant under the belief that they were dealing with the plaintiffs; and that there would be a deception of the general public and the plaintiffs' customers and a diversion of plaintiffs' customers to the defendant's place of business.

The plaintiffs further alleged that subsequent to August 27, 1958, the date that the defendant became incorporated, the defendant filed a trade name registration certificate with the Secretary of State, made legal publication thereof, and it now claims the right to use the trade name "Sixth Street Food Store." They alleged that this name is misleading and deceptive resulting in confusion in mail and shipments of merchandise, confusion of business accounts, and deception of the buying public into the belief that the defendant's business was the plaintiffs. There are further allegations of irreparable injury and formal allegations which we do not deem necessary to repeat here. The plaintiffs further alleged that 2 days after the incorporation of the defendant about August 27, 1958, by letter, they advised the defendant of their objection to the use of these words and demanded that the defendant cease and desist from using them.

We go now to the defendant's answer. It admitted the incorporation on August 27, 1958; admitted the mailing on August 29, 1958, of the letter from the plaintiffs demanding that it cease and desist; admitted that it filed a trade name registration with the Secretary of State on September 12, 1958, claiming the trade name "Sixth Street Food Store"; admitted that it operates its business on Seventh Street; admitted that it displays a large sign thereon reading "Sixth Street"; and admitted that it does hold itself out to the public as "Sixth Street Food Store." It further generally denied the allegations of the plaintiffs' petition; alleged that it has no intent to mislead or deceive by the use of these names; in substance, alleged that its right to use these names arises out of an assignment from companies or partnerships that had operated at North Platte and Ogallala for many years and had acquired the right to use the names "Sixth Street" and "Sixth Street Market"; alleged that said assignment was made on September 1, 1958; and

alleged that it was duly registered with the Secretary of State.

It should be pointed out that a demurrer was filed to the amended petition in this case and was overruled. There are no depositions of the parties or witnesses in this case; and no requests for admissions or answers thereto. The issue drawn here on motion for summary judgment is based solely upon the affidavits filed by the defendant in support of the motion for summary judgment and the counteraffidavits filed by the plaintiffs. Before we examine the evidence, we state here the applicable rules with reference to the determination of the issues before us on a motion for summary judgment. The Summary Judgments Act authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is clear what the truth is, and that no genuine issue remains for trial. Hall v. Hadley, 173 Neb. 675, 114 N. W. 2d 590. On examination of the evidence on a motion for summary judgment, this court examines the evidence, not to decide any issue of fact presented, but only to discover if there is any real issue of fact that exists under the pleadings and the affidavits, and the supporting documents to the motion. Hall v. Hadley, *supra;* Illian v. McManaman, 156 Neb. 12, 54 N. W. 2d 244. The burden is upon the party moving for a summary judgment to show that no issue of fact exists and unless he can conclusively do so, the motion must be overruled. In considering a motion for summary judgment, the court should view the evidence in the light most favorable to the party against whom it is directed. It is further true that in cases involving the credibility of witnesses, summary judgment does not permit a trial by affidavits if either party objects. Hall v. Hadley, *supra;* Illian v. McManaman, *supra.* A motion for summary judgment may be used by a defendant to assert a defense if there is no genuine issue of fact, but only a question of law. See 3 Barron and Holtzoff, Federal Practice & Proce-

dure, § 1244, p. 203. We first determine whether the plaintiffs have stated a cause of action and the nature of the issues raised by their pleadings. We may summarize the rule as to the rights of the parties as to trade names in a particular locality as follows: "* * * where a party has acquired a trade name in a particular locality he is entitled to protection against unfair competition in his particular line of business by the use of a competitor of a name of such similar import as to probably deceive the public." Peterson & Co. v. Jay, 158 Neb. 305, 63 N. W. 2d 174. See, also, Riggs Optical Co. v. Riggs, 132 Neb. 26, 270 N. W. 667; Regent Shoe Mfg. Co. v. Haaker, 75 Neb. 426, 106 N. W. 595; First National B. & T. Co. of Kalamazoo v. First National Credit Bureau, 364 Mich. 521, 111 N. W. 2d 880. Proof of fraud or deliberate deception is not necessary to establish unfair competition under the above holding. It appears that the rule is that if there is a substantial similarity leading to confusion, it is deemed unfair when it exploits to the plaintiffs' damage a name, the value of which plaintiff has created. First National B. & T. Co. of Kalamazoo v. First National Credit Bureau, *supra*. In Personal Finance Co. v. Personal Loan Service, 133 Neb. 373, 275 N. W. 324, the plaintiff had been in business in Lincoln since 1931, and the defendant, using the name "Personal Loan Service," became incorporated as such and began business in 1935. The court upheld an injunction in that case. It is unnecessary to go into the detailed evidence introduced in that case. The principle announced by the court is as follows: "If then it can be said that ordinary persons, dealing with ordinary caution, are likely to be misled, then it follows that deception is the natural and probable result of the defendant's acts. *Either actual or probable deception, or confusion, must be shown to entitle the plaintiff to the protection of the rule. This is usually accomplished by showing circumstances from which courts might justly conclude that persons are likely to transact business with one party*

*under the belief they are dealing with another.* Where there is no probability of deception, there can be no unfair competition." (Emphasis supplied.)

Tested by the principles laid down in these cases, the plaintiffs' petition states a cause of action. The allegations clearly state the acquisition of a trade name, the actual use by the defendant of names of similar import on Seventh Street in Lexington, and deception, confusion, and diversion of the plaintiffs' business by virtue of said use. The defendant, therefore, must pierce the allegations of the pleadings and show conclusively that the controlling facts are otherwise than as alleged. Knoll v. Knoll, 173 Neb. 602, 114 N. W. 2d 40; Peterson v. George, 168 Neb. 571, 96 N. W. 2d 627. The defendant attempts to meet this burden in this respect by the following:

1. An answer denying all of the material allegations of the amended petition (except the admissions hereinbefore specifically pointed out), and an extensive pleading in the answer to the effect that it has an absolute right to use the names which it admits it is using by virtue of assignment of these names from another corporation and partnership that had used them in the areas of North Platte and Ogallala.

2. An affidavit including 23 pages of exhibits restating the allegations of assignment in its answer, the substance of which is that the defendant was incorporated on August 27, 1958, and subsequently thereto registered trade names which it had acquired by assignment from separate legal entities at North Platte and Ogallala that had been using the various names mentioned herein in those localities for many years.

3. Upon the vital issue of deception or confusion, the sole evidence on behalf of the defendant is an affidavit of members of the board of directors made on July 8, 1961, stating that the directors or officers of the corporation, or any other person in any way connected with said corporation never had, or does not now have, and

did not have at the time of the creation of the corporation, "* * * any intent to mislead or deceive any one by the use of the names 'Sixth Street', 'Sixth Street Food Stores', 'Sixth Street Food Store of Lexington, Inc.', 'Sixth Street Food Store' or 'Sixth Street Market' * * *." This affidavit alleges no facts in connection with confusion or misdirection or deception of the public, but simply goes on to generally allege that it never had any intent to deceive, mislead, confuse, or to divert the customers of the plaintiffs into dealing with the defendant.

The plaintiffs' affidavits generally controvert the affidavits of the defendant filed herein, and they allege that plaintiffs' customers have been deceived into believing that they are dealing with the plaintiffs when they are dealing with the defendant; that advertisements by the defendant result in customers coming to plaintiffs' place of business demanding special bargains which are currently being offered by the defendant; that plaintiffs receive bills, statements, shipments of freight and goods, and correspondence intended for defendant; that similar items intended for the plaintiffs are received by the defendant; that said actions are costly, damaging, and are a nuisance; and again restates factually the sending of the letter of August 29, 1958, notifying the defendant to cease and desist from the use of the names involved herein.

The answer to the question as to whether any genuine issue of fact remains in this case is apparent. It surely could not be said that a mere denying of the intent to deceive, or to cause confusion, or to divert the business of the plaintiffs reaches the level of showing conclusively that the plaintiffs' allegation as to diversion, confusion, and deception is untrue as a matter of law. It further appears conclusively that even if by remote inference, we could draw such a conclusion from the defendant's affidavits, that the plaintiffs' responsive affidavits are amply sufficient to affirmatively demonstrate that there

are genuine issues of fact remaining to be tried in this case. There is no piercing of the pleadings in this case. We are aided by nothing more than the ex parte affidavits of the parties. It is apparent, also, that the credibility of the witnesses as to all of the areas covered in the affidavits needs to be tested by cross-examination and the other protection of a trial on its merits. Appropriate and pertinent here is our holding in Illian v. McManaman, *supra*, in which our court quoted with approval from Ford v. Luria Steel & Trading Corp., 192 F. 2d 880, wherein it was held: "It has become settled law that a genuine issue as to a material fact cannot be tried and determined upon affidavits, and that it must conclusively be shown that there is no such issue in the case and that the moving party is entitled to judgment as a matter of law, before a summary judgment can lawfully be entered."

We hold that the allegations of the plaintiffs' petition as to deception, confusion, and diversion of business have not been pierced by the showing made here; and that a genuine issue of fact exists, not only with respect to such issues, but as to the credibility of the witnesses who, so far, have only been heard in testimony in the ex parte affidavits.

It is fundamental that a general denial does not pierce the pleadings to destroy material issues raised by the pleadings. Without repeating them, we further point out that the other issues in the plaintiffs' petition, except those admitted by the defendant's answer, remain as issues and must be tried on their merits.

The defendant further argues strenuously that it is entitled to summary judgment because it has conclusively established that it is entitled to use the trade names in controversy in this case as a matter of law. This contention is based upon the allegations, supported by affidavits, that it acquired the trade names in question by appropriate assignment from corporations and partnerships who had previously used them in North

Platte and Ogallala, Nebraska; and that it filed the said trade names with the Secretary of State's office pursuant to law. It is significant that these acquisitions were made after the incorporating of the defendant on August 27, 1958, and within a month after notification from the plaintiffs, admitted by the defendant, demanding that it cease and desist in the use of the names. It is apparent that the maximum reach of the defendant's position in this respect could be no better than that of its predecessors in interest. Plaintiffs allege that they have been in business in Lexington since April 1950. The Trade Name Registration Act, so far as pertinent here, sets out in section 87-201, R. R. S. 1943, as follows: "* * * Provided, that sections 87-201 to 87-207 shall not apply to any person engaged in business under a trade name prior to August 27, 1951, unless and until such person elects to register his trade name without knowledge that a person had been engaged in business under the same trade name prior to August 27, 1951."

It is obvious from this, that the plaintiffs had a valid trade name or names in use in Lexington, Nebraska, on August 27, 1958, when the defendant became incorporated. This being true, it added nothing to the defendant's case to register the trade name. Our court said in Peterson & Co. v. Jay, *supra,* that the protection afforded one who files a brand name with Secretary of State is not substantially different from that granted to one who has adopted and used a brand name but has not recorded it with the Secretary of State and the remedy in each instance is for wrongful infringement of a use which presents a reasonable likelihood of deception. We further held in Personal Finance Co. v. Personal Loan Service, *supra,* that the issuance of the permit by the Secretary of State was purely a ministerial act; and that the courts do not need to recognize the finding of fact made by an officer of the executive department as binding upon it, as to justiciable questions.

One further contention of the defendant remains to

be disposed of. It argues that descriptive terms or generic words or geographical terms are not susceptible of exclusive appropriation. The cases it cites do not support that conclusion when applied to the particular situation we have before us here. It is true that the term "market," or the term "grocery," may be usually identified as generic in nature. It is also true that the term "Sixth Street" on its face relates to a geographical location, although under the particular circumstances in this case, one of the testing issues of facts is whether it is deceptive when actually used in the geographical location of Seventh Street in Lexington, Nebraska. While it is true that ordinarily generic adjectives or names commonly used to describe a business may not be appropriated as a trade mark, yet if there is a combination of geographical names used in conjunction with generic words in such a manner as to create a deceptive use under particular circumstances, then such use may be actionable. In Regent Shoe Mfg. Co. v. Haaker, *supra,* we said as follows: "It is an infringement on a legally acquired trade-name to use in the same locality and in the same line of business another name of such similar import that the ordinary attention of persons or customers would not disclose the difference between the two names." This follows the general rule that a combination of geographical names with other symbols or marks, even though the geographical name itself may not be a valid trade mark, may be protected against unfair competition. 87 C. J. S., Trade Marks, Etc., § 43, p. 274. If the resemblance is such as to mislead purchasers or those doing business with the company, and who are acting with ordinary and reasonable caution, or if it is calculated to deceive the ordinary buyer in ordinary conditions, it is sufficient to entitle the one first adopting the name to relief. Iowa Auto Market v. Auto Market & Exchange, 197 Iowa 420, 197 N. W. 321. There is no merit, therefore, in the contention of the defendant that

it is entitled to appropriate the use of these names as a matter of law.

From what has been said, it is clear that there are genuine issues of fact as to all of the material allegations of the plaintiffs' petition herein; that these allegations constitute a cause of action, and have not been pierced to demonstrate conclusively that there is no genuine issue of fact; and that this case must be tried on its merits.

The judgment, therefore, is reversed and the cause remanded with directions to try the case on its merits and for proceedings in conformity with this opinion.

REVERSED AND REMANDED.